[Sac. No. 2478.   In Bank.—December 15, 1916.]

RED RIVER LUMBER COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT — WAIVER OF DELAY IN INSTITUTING PROCEEDING FOR COMPENSATION.—An objection that a proceeding to recover compensation under the Workmen's Compensation, Insurance and Safety Act was not instituted until after the period limited by clause (b) of section 16 of the act, is waived by the failure of the defendant to file an answer as required by section 23 of the act, bringing that fact to the attention of the Industrial Accident Commission.

ID.—CONSTRUCTION OF ACT—PROCEEDING "WHOLLY BARRED."—Clause (a) of section 16 of the act, providing that the right to institute the proceeding is "wholly barred" by the lapse of the time limited, does not mean that the provision relates back and avoids the claim from the beginning, or forfeits the right.   The use of the word "barred" in itself implies that the lapse of time constituting the bar must be raised in some manner as a defense.   If the *bar* is not raised, it will be of no avail.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Pardee & Pardee, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is a proceeding to review and annul an award for disability indemnity made by the Industrial Accident Commission against the plaintiff in favor of Thomas E. Wilson.

The proceeding before the commission was instituted by Wilson more than six months after the date of the accident which caused the injury, and more than six months after the making of any payment or agreement by said company on account of the injury and disability. The plaintiff here contends that this lapse of time deprived the commission of jurisdiction to make an award to the injured employee.

The company did not file any answer before the commission, and did not raise the objection that the application for relief was filed too late, at any time during the hearing, nor at all, except in a petition to the Industrial Accident Commission for a rehearing, after the award was made. It is now claimed on behalf of the commission that the lapse of time does not oust the jurisdiction, but is only matter of defense, and that it was waived by the failure to assert it before the close of the hearing before the commission.

The provision relied on by the Red River Lumber Company in support of its contention is found in section 16 of the Workmen's Compensation, Insurance and Safety Act, particularly clause (a), which reads as follows:

"Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, *the right to institute such proceedings shall be wholly barred.*"

The time allowed for the institution of proceedings to collect disability indemnity is limited by clause (b) to "six months from the date of the accident," or from the date of

the agreement or last payment, where such agreement or payment is made.

Section 23 of the act provides that if the defendant in such a proceeding desires to bring any fact to the attention of the commission as a defense to the claim, he must, within five days after service of the application upon him, file with the commission his answer setting forth such fact.

The general doctrine that the statute of limitations affects only the remedy and does not extinguish the right, and that it is a matter of defense which is waived if it is not pleaded, is too well known and settled to require discussion. We find no authority in the act for the application of a different rule to judicial proceedings before the Industrial Accident Commission. The fact that the application was filed too late, if true, is clearly a matter which may be relied on as a defense to the claim. Section 23 requires the defendant to file an answer stating such fact, if he intends to rely on it. The reasonable deduction, in view of the well-known doctrine referred to, is that the failure of the defendant to file an answer bringing that fact to the attention of the commission was a waiver of that defense.

There are cases relating to actions to recover damages for injuries causing death, recoverable only under a statute creating the cause of action therefor, and fixing a limitation within which such actions must be begun, in which it is said that the limitation "is a condition attached to the right to sue," and that "the right is lost if the time be disregarded." (*The Harrisburg,* 119 U. S. 199, 214, [30 L. Ed. 358, 362, 7 Sup. Ct. Rep. 140] ; *Rodman* v. *Missouri Pac. Ry. Co.,* 65 Kan. 645, [59 L. R. A. 704, 70 Pac. 642].) Also that the condition presented by such limitation "must be met by pleadings on the part of plaintiff and by plaintiff's proofs." (*Boston & M. R. R.* v. *Hurd,* 108 Fed. 116, [56 L. R. A. 193, 47 C. C. A. 615].) In the last case the statute was pleaded; the question of a waiver, therefore, did not arise, and the remark quoted, so far as it may imply that the failure to plead it does not waive such defense, is *obiter dictum.* In the other cases the question of the effect of a failure to plead the bar of the statute was not discussed. In *The Harrisburg* it does not appear that there was any such plea. In the Kansas case the statute was pleaded. The only case that we find holding that such defense is not waived by the failure

to plead it is *Pittsburg etc. Ry. Co.* v. *Hine,* 25 Ohio St. 629. The statute there considered was construed to declare the limitation as an express condition of the right to sue, and to require the plaintiff to allege and prove that it was begun within the time prescribed. The Workmen's Compensation Act is so widely different in its terms from the Ohio act that the case is of no force as authority. The language of our statute is that the right to institute the proceeding is "wholly *barred*" by the lapse of time. This does not mean that the provision relates back and avoids the claim from the beginning or forfeits the right. The use of the word "barred" in itself implies that the lapse of time constituting the bar must be raised in some manner as a defense. If the *bar* is not raised, it will be of no avail.

The award is affirmed.

Sloss, J., Lorigan, J., Melvin, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.