[S. F. No. 7773.  In Bank.—January 10, 1917.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as Commissioners of the Industrial Accident Commission of the State of California, Respondents; JAMES E. McGEE, Applicant.

WORKMEN'S COMPENSATION ACT—STATUTE OF LIMITATIONS—WAIVER OF DEFENSE.—An objection that a proceeding to recover compensation under the Workmen's Compensation Act was not instituted until after the period limited by section 16 thereof is waived by the failure of the defendant to set up such statute of limitations in his answer as a defense to the proceeding.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Petitioner.

Christopher M. Bradley, for Respondents.

LAWLOR, J.—Writ of *certiorari* to review and annul an award for disability indemnity made by the Industrial Accident Commission in favor of James E. McGee and against the petitioner, as the insurance carrier for the Daniel Contracting Company.

For a time after the accident the petitioner made voluntary payments to the injured employee. But the payments were finally discontinued on May 12, 1915, upon the ground that the disability had ceased. After more than six months had elapsed from the date of the last payment, the employee applied to the commission for compensation, and was awarded a permanent partial disability indemnity. The petitioner raises the objection that the commission, under the provisions of section 16 (a) of the compensation act, was without jurisdiction to make the award. This identical question was decided adversely to the employer in *Red River Lumber Co. v.*

*Pillsbury et al., ante,* p. 37, [161 Pac. 982]. The ruling therein is decisive of this appeal.

It is proper to note, however, that the case at bar differs in one particular. Here the petitioner filed an answer. But he does not, directly or indirectly, plead therein the statute of limitations under section 16 (a) ; or otherwise suggest or raise the point that the claim of the applicant is barred. The answer, after alleging full payment of compensation in certain installments which are set forth, reads as follows: "That applicant's disability arising out of the alleged accident ceased and terminated on or before said May 12, 1915, and defendants deny that applicant is entitled to any further compensation than the amount paid as above alleged." There are no further allegations. It is obvious that the answer was intended merely as a defense on the merits of the claim. Although the date of the last payment is alleged, the answer does not refer to the time of filing the application for compensation, or even suggest that it was filed more than six months after the said payment. The petitioner did not, in fact, assume to interpose any form of plea based upon the statute of limitations, but raised the point for the first time in the petition for a rehearing of the award.

The award is affirmed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., and Angellotti, C. J., concurred.