[Civ. No. 5394.   First Appellate District, Division One.—December 23, 1925.]

## VICTORY AUTO PAINTING COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and R. F. DANIELS, Respondents.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—EXISTENCE OF RELATIONSHIP — EVIDENCE. — In this proceeding in *certiorari* to review an award of the Industrial Accident Commission, while there was a conflict upon the question whether the applicant was an employee at the time of the injury, there was sufficient evidence in the record to show that the relationship of employee and employer existed.

[2] ID. — PRESUMPTION OF RELATIONSHIP. — Under section 8 (b) of the Workmen's Compensation Act, any person rendering service for another, other than an independent contractor, is presumed, unless excluded by the act, to be an employee.

[3] ID.—CHARACTER OF RELATIONSHIP—METHOD OF ACCOMPLISHING RESULT — POWER OF CONTROL. — In *determining in any given case* whether a person was an employee or independent contractor, the determinative factor is found in the solution of the question, who has the power of control as to the means and method by which the result is accomplished?

---

(1) Workmen's Compensation Acts, C. J., p. 50, n. 63, p. 115, n. 37. (2) Workmen's Compensation Acts, C. J., p. 50, n. 63.   (3) Workmen's Compensation Acts, C. J., p. 50, n. 63.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

---

1.   See 27 Cal. Jur. 277.

2.   See 27 Cal. Jur. 276.

3.   See 27 Cal. Jur. 284; 13 Cal. Jur. 1019; 14 R. C. L. 67.

H. C. Kelsey for Petitioners.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—Petition for writ of review to determine the lawfulness of an award of respondent Commission in an application for compensation benefits under the Workmen's Compensation Act (Stats. 1917, p. 831).

It appears from the petition that respondent R. F. Daniels sustained an injury to his eye and thereafter filed an application with the Industrial Accident Commission wherein he claimed that the injury occurred at a time when he was an employee of the petitioner the Victory Auto Painting Company.

Following the filing of the application, hearing was had, in which the issue was raised of the existence of the relation of employer and employee between the company and the applicant at the time of said injury. The matter was submitted for decision and on May 29, 1925, the Commission rendered its findings to the effect that the injury caused temporary total disability, continuing for a period of three weeks, entitling the employee to $20.83 during the said time, exclusive of the waiting period, amounting to $41.66. Thereafter, within the time prescribed by law, petitioners herein, the Victory Auto Painting Company, and its insurance carrier, Pacific Employers Insurance Company, filed a petition for rehearing. Respondent Daniels also filed a like petition. After hearing, the Commission rendered its order denying the same.

[1] The only question here presented is whether Daniels was at the time of his injury an employee of petitioner. While there is a conflict upon the subject there is sufficient evidence in the record to show that the relationship of employee and employer existed.

It appears therefrom that Daniels was a toolmaker and machinist. He conducted such business in the same building occupied by the Victory Auto Painting Company. During the noon hour of January 19, 1925, certain employees of the latter concern were attempting to remove a hub-cap from an automobile, but were unable to do so. Daniels was asked by the foreman of the company to take

the cap off and put in his time for the work at the office. While engaged in chipping the cap, a piece of brass struck Daniels' right eye-glass and either the brass or a piece of the eye-glass injured his right eye.

There is evidence to show that Daniels had performed auto repair work on other occasions for the company for which he had charged two dollars an hour and that he intended to make a similar charge for the services which resulted in his injury.

Further evidence is to the effect that while performing the particular task which resulted in his injury, Daniels was working with the other employees of the company under the direction of its foreman at an hourly wage.

[2] Under section 8 (b) of the Workmen's Compensation Act, any person rendering service for another, other than an independent contractor, is presumed, unless excluded by the act, to be an employee.

[3] In determining in any given case whether a person was an employee or independent contractor, the determinative factor is found in the solution of the question, who has the power of control as to the means and method by which the result is accomplished. (*Luckie* v. *Diamond Coal Co.*, 41 Cal. App. 480 [183 Pac. 178].)

We are of the opinion that the award of the Commission finds full support in the evidence as above narrated.

The award is affirmed.

Knight, J., and Cashin, J., concurred.