[L. A. No. 9811.  In Bank.—December 1, 1927.]

YORK JUNCTION TRANSFER & STORAGE CO. et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMIS- SIONERS, etc., and ARTHUR ECKSTROM, Respond- ents.

[1] WORKMEN'S COMPENSATION ACT — EMPLOYER AND EMPLOYEE — EVIDENCE.—Where a furniture repairer and finisher entered into an agreement with a transfer and storage company whereby, although he did not work "full time," he was to do all of the company's repair work, either at his shop or at houses to which the company would take him, and he was to be paid for said work at a certain rate per hour for the time spent upon the work and in going back and forth when the work was out of his shop, he was an employee of the company, and injuries received by him in an automobile collision while he was being transported by the employer back to his shop after finishing a job which his employer had taken him to and indicated the work to be done, were received in the course of his employment.

[2] ID. — INDEPENDENT CONTRACTOR — RIGHT OF CONTROL.—One of the best tests to determine whether the relation is that of inde- pendent contractor or of employer and employee is the right of control; and it is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent.

[3] ID. — FINDINGS BY COMMISSION — WHEN CONCLUSIVE. — In a pro- ceeding before the Industrial Accident Commission for compensa- tion for personal injuries received in an accident, where the facts would support a finding either that the injured party was an

1. Injuries received while going to and from work as "arising out of and in course of employment," notes, L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907. See, also, 27 Cal. Jur. 380. Injuries while riding to or from work in employer's convey- ance as arising out of or in course of employment, notes, 10 A. L. R. 169; 21 A. L. R. 1223; 24 A. L. R. 1233. See also, 27 Cal. Jur. 382.

2. Who are independent contractors, notes, 76 Am. St. Rep. 382; 19 Ann. Cas. 3; Ann. Cas. 1913B, 573; Ann. Cas. 1916D, 222; Ann. Cas. 1918C, 627, 663, 669, 672; 65 L. R. A. 445; 17 L. R. A. (N. S.) 371. See, also, 13 Cal. Jur. 1019 et seq.; 14 R. C. L. 67 et seq.; 28 R. C. L. 762.

3. See 27 Cal. Jur. 489, 490, 575.

independent contractor or that he was an employee, the finding of the Commission on the question is binding upon the courts.

[4] Id. — Burden of Proof — Presumption. — Under the Workmen's Compensation Act, any person rendering services for another, other than as an independent contractor, or as expressly excluded by the act, is presumed to be an employee within the meaning of the act, and the burden of proving that the injured party was an independent contractor is upon the person asserting it.

---

(1) Workmen's Compensation Acts, C. J., p. 50, n. 63.   (3) Workmen's Compensation Acts, C. J., p. 122, n. 40.   (4) Workmen's Compensation Acts, C. J., p. 115, n. 23.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission awarding compensation for personal injuries.   Award affirmed.

The facts are stated in the opinion of the court.

John L. Kearney and Verge & Cooney for Petitioners.

G. C. Faulkner for Respondents.

LANGDON, J.—This is an application by an employer and its insurance carrier for a writ of *certiorari* to review an order of the Industrial Accident Commission awarding compensation to respondent Arthur Eckstrom for injuries which he received in an automobile collision.   The Commission found that Eckstrom sustained these injuries in the course of and arising out of his employment; that he was performing services as an employee of the Transfer and Storage Company, and was not, at the time of his injury, acting as an independent contractor.   The award made was of the sum of $20.83 weekly, during the period of disability.

The petition for review shows the facts to be: That Eckstrom was a furniture repairer and finisher and operated a shop in the city of Los Angeles, where his work was generally done; that he held himself out to the public as an expert cabinet-maker and furniture repair man, furniture polisher, upholsterer, and mattress-maker and that he did work for the general public; that the Transfer and Storage Company, in their business of moving furniture, from time

---

4.   See 27 Cal. Jur. 487.

to time, broke or damaged some of this furniture and, there-
upon, would take such furniture to the shop of Eckstrom,
where it would be left for repair at a fixed price; that on or
about the second day of October, 1925, one of the copartners
of the Transfer and Storage Company went to the shop of
Eckstrom and informed him that some furniture had been
damaged by the company and asked Eckstrom to accompany
him to the house into which the furniture had been moved
and there repair such furniture; that no price was agreed
upon for such work, but Eckstrom based his charges upon
an hourly rate of pay; that the Transfer and Storage Com-
pany transported Eckstrom to the house in which the dam-
aged furniture was to be repaired and Eckstrom completed
the work without advice or direction from the Transfer and
Storage Company as to method of work; that after the work
had been completed the Transfer and Storage Company
undertook to transport Eckstrom back to his shop and in
doing so the collision and injury occurred.

It is alleged in the petition that after the award of the
Industrial Accident Commission in favor of Eckstrom, the
employer and insurance carrier petitioned said Commission
for a rehearing, which petition was denied.

The grounds urged for a reversal of the award by this
court are: That the Commission acted in excess of its juris-
diction and that the facts established do not support the
award; that the award is unreasonable and there is no evi-
dence that Eckstrom was an employee of the Transfer and
Storage Company at the time of his injury.

[1] The determination of the status of Eckstrom is the
key to all the objections. The facts with reference to such
status were that Eckstrom did not work "full time" for
the Transfer and Storage Company, but he had made an
agreement with that company whereby he was to do all their
repair work, either at his shop or at houses to which they
would transport him, and he was to be paid for such work
at the rate of seventy-five cents an hour for the time spent
upon the work and in going back and forth when the work
was outside of his shop, and he had been working under this
agreement for three years. On the occasion in question he
was taken to the house where the work was to be done by
the employer and the employer remained there, indicating
the work to be done, until it was finished, and then under-

took to transport the employee to his shop. It does not appear that there was any occasion for specific directions or control of the method and manner of doing the work, or that control was exercised by the Transfer and Storage Company. However, this is not vital to the status of Eckstrom as an employee, if the right of control existed. As was said in *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570]: **[2]** "One of the best tests to determine whether the relation is that of an independent contractor or that of employer and employee is the right of control. It is not the fact of actual interference with the control, but the right to interfere that makes the difference between an independent contractor and a servant or agent."

**[3]** It is conceded by the respondent Commission that the situation would support a finding either that Eckstrom was an independent contractor or that he was an employee, and we think that is the most that can be said in favor of petitioners. Under such circumstances the finding of the Industrial Accident Commission is binding upon this court. (*Hillen* v. *Industrial Acc. Com., supra.*)

The case of *Victory Auto Paint Co.* v. *Industrial Acc. Com.*, 75 Cal. App. 729 [243 Pac. 61], presents a situation similar in many respects to the situation in the instant case, and in the case cited the injured man was held to be an employee, although working for the employer at an hourly rate of wage and merely on occasional jobs, while maintaining his own shop in which to do work for other persons when not engaged in work for the employer.

**[4]** Moreover, section 8 (b) of the Workmen's Compensation, Insurance and Safety Act creates a presumption of status of employee upon a showing of services rendered. "Any person rendering services for another, other than as an independent contractor, or as expressly excluded herein, is presumed to be an employee within the meaning of this act."

It is not disputed that Eckstrom was rendering services for the Storage Company at the time of his injury. This raises a presumption that he was an employee until petitioners have proved the defense that he was an independent contractor. The burden of proving that Eckstrom was an independent contractor was upon the petitioners. (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570]; *County*

*of Monterey* v. *Industrial Acc. Com.,* 199 Cal. 221 [47 A. L. R. 359, 248 Pac. 912]; *Victory Auto Paint Co.* v. *Industrial Acc. Com., supra.*) The Commission has found upon facts sufficient to sustain the finding, that the injured man was an employee and not an independent contractor.

The award is affirmed.

Preston, J., Richards, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.