## WILLIAMS, Appellant, v. ANACONDA COPPER MINING CO., Respondent.

(No. 7,185.)

(Submitted January 8, 1934. Decided February 2, 1934.)

[29 Pac. (2d) 649.]

*Mr. Harlow Pease* and *Mr. R. Lewis Brown,* for Appellant, submitted a brief and argued the cause orally.

*Mr. D. M. Kelly, Mr. D. G. Stivers, Mr. John V. Dwyer, Mr. John A. Groeneveld* and *Mr. J. T. Finlen, Jr.,* for Respondent, submitted a brief; *Mr. Finlen* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff instituted this proceeding in an attempt to secure compensation under the Workmen's Compensation Act. He was employed by the defendant on June 14, 1929, the date on which he asserts an injury was sustained entitling him to compensation. He continued working for the defendant for a few days after that date. Thereafter he was a patient in the tuberculosis sanitarium at Galen from October 15, 1929, to May 11, 1931.

On March 5, 1930, plaintiff wrote a letter to the Industrial Accident Board, seeking compensation, wherein he gave the

history of his case. The board on March 10 of the same year acknowledged the receipt of this letter, and informed him that, as he had failed to file a claim before December 15, 1929, any claim thereafter filed would be "barred by the statute of limitations in the Compensation Act." Also it was stated therein that a copy of the letter would be forwarded to the adjuster of the defendant company. On March 17, 1930, the company wrote the board acknowledging the receipt of the copy of the letter to the claimant, inclosing a copy of the report from their doctor, and further stating that "no claim having been filed within the statutory time, we dispute the claim."

Plaintiff again wrote the board on July 17, 1931, demanding a hearing in his case, and mentioned therein a personal interview with the board on July 2 preceding, at which time he likewise sought a hearing. On October 20, 1931, the following documents were received by the board from the claimant: A certificate by Dr. Vidal as to the physical condition of claimant while in the institution at Galen; a copy of the statement given by the company doctor as to the injury, if any; an affidavit from one Sweetman, who was working with the claimant at the time of the alleged injury, and a report by Dr. Schwartz as to the then physical condition of claimant. There appears in the record a sworn claim, dated October 19, 1931, signed by claimant, the exact date of its receipt not appearing in the record. However, on October 22, 1931, the board wrote a letter to the claimant wherein the receipt of this claim and the other documents received on October 20 is acknowledged by it. The board, on October 31, 1931, issued a notice of hearing of the application of claimant for compensation on November 6, 1931, at Butte. Claimant appeared at the hearing, and testified before the chairman of the Industrial Accident Board, as did also Sweetman, the man with whom he was working at the time of the alleged injury on June 14, 1929. The documents received by the board on October 20, 1931, other than the claim, were read into the record without objection. At this hearing the defendant was represented by counsel. After the close of testimony on behalf of claimant, counsel for defendant made

the following inquiry: "Has there been a claim filed in this case?" to which the chairman of the board, who, as stated, was conducting the hearing, responded: "No, there has been no claim filed as far as our record shows." The chairman of the board thereupon inquired of counsel for defendant as follows: "Have you anything, Judge Dwyer?" to which counsel responded: "We really haven't anything to meet there that I know of."

Following the hearing, the Industrial Accident Board rendered a decision, wherein it was decided that plaintiff had no claim against the defendant by reason of his failure to file a sworn claim in writing within six months after the injury, as provided by section 2899, Revised Codes 1921.

Plaintiff appealed from the decision of the board to the district court of Silver Bow county. The appeal was heard upon the record made before the board. The defendant interposed a motion to dismiss the appeal on the ground that plaintiff's claim was barred because of his failure to give notice to his employer in writing of his injury within the time provided by section 2933, Revised Codes 1921; and on the further ground that no sworn claim was filed by plaintiff within six months after the happening of the alleged accident, as required by the provisions of section 2899, Id. The district court granted the motion to dismiss the appeal, and denied the claim of plaintiff upon the ground that plaintiff had failed to file the notice of injury in writing with his employer within the time prescribed by section 2933, supra. Thereafter a judgment of dismissal was entered in accordance with the order of the district court. The appeal is from this judgment.

Section 2899, supra, provides: "In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within six months from the date of the happening of the accident, either by the claimant or some one legally authorized to act for him in his behalf."

Section 2933 provides: "No claims to recover compensation under this Act for injuries not resulting in death shall be main-

tained unless, within sixty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing, stating the name and address of the person injured, the time and the place where the accident occurred, and the nature of the injury, and signed by the person injured, or some one in his behalf, shall be served upon the employer or the insurer; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service."

Plaintiff contends that the defendant in this case, by failing to file an answer before the board pleading the above-quoted statutes, or in any manner affirmatively to claim the benefits of the statutes during the hearing, thereby waived the benefits conferred by them, and that the board and the district court should have disregarded these statutes and proceeded to allow plaintiff compensation. The foregoing statement of the contention of plaintiff embodies all the questions raised by the specifications of error in his brief.

This court, in the case of *Chmielewska* v. *Butte & Superior Min. Co.*, 81 Mont. 36, 261 Pac. 616, 617, had under consideration section 2899, supra, and in the opinion there promulgated it was said: "As plaintiff's claim was not filed within the period prescribed by the statute, she cannot recover. The statute is mandatory, and a compliance with its requirements is indispensable to the existence of the right to maintain proceedings to compel the payment of compensation"—citing cases.

Again this court had under consideration section 2933, in the case of *Maki* v. *Anaconda Copper Min. Co.*, 87 Mont. 314, 287 Pac. 170, 173; and, after referring with approval to the *Chmielewska Case*, supra, and quoting therefrom as to the effect of that statute, said: "So likewise are the provisions of section 2933 mandatory and indispensable to the maintenance of a claim." However, actual knowledge of the injury by the employer or certain officers or agents designated by the statute is equivalent to the service of such notice. (*State ex rel.*

*Roundup Coal Min. Co.* v. *Industrial Accident Board,* 94 Mont. 386, 23 Pac. (2d) 253.)

In the case of *Lindblom* v. *Employers' Liability Assur. Corp.,* 88 Mont. 488, 295 Pac. 1007, 1010, again considering the effect of section 2899, supra, this court said: "The Workmen's Compensation Act was enacted for the benefit of the employee, and we think it clear that section 2899, supra, limiting the time within which a claim can be made under it, was designed for the benefit of the employer. This being true, we can see no sound reason why the employer or insurance carrier, for whose benefit that section was enacted, may not so far waive these provisions that they are estopped to insist upon its protection."

In both the *Chmielewska* and *Maki Cases,* supra, an answer was filed with the board, claiming the benefit of one of these statutes. No question of estoppel was present in either case. The *Lindblom Case* was one wherein the agents of an insurance carrier had repeatedly assured an injured employee that his claim for compensation would be settled, and that it was unnecessary for him to take any further steps to secure his compensation. Under this statement of facts the court used the above-quoted language, following which, after the citation of authorities, there appears in the opinion a general statement to the effect that an employer may waive, or by his conduct be estopped from asserting, the benefits of statutes similar to section 2899.

Counsel for the plaintiff, using the language of the *Lindblom Case* adverted to as a basis, contend that these statutes, when the employer has by his conduct waived their benefit, are no longer available to defeat a claim for compensation. This court there had under consideration a set of facts from which an ▆ estoppel did arise. No question of waiver was involved. "It is a rule of universal application that general expressions used in a court's opinion are to be taken in connection with the case under consideration." (*Lindblom* v. *Employers' Liability Assur. Corp.,* supra.)

"Waiver" and "estoppel" are not interchangeable terms, ▆ although they are sometimes interrelated, and as to cer-

tain groups of facts one is said to waive his rights by estoppel. The cases now referred to are cases where the waiver of rights causes a change of position by the adverse party relying on such waiver. But a waiver which consists merely in renouncing some right or in ratifying what one might repudiate is certainly not an estoppel. (Bigelow on Estoppel, 6th ed., 717.)

What this court said in the *Lindblom Case* on the subject of waiver was said with reference to a waiver by estoppel, but as to whether or not the application of the rule announced in the *Lindblom Case* would extend to every statement of facts from which it might be found that an employer had waived his right to assert the benefits of these statutes, as distinguished from a waiver by estoppel, was not there and need not here be decided.

Counsel for plaintiff rely upon the case of *Red River Lumber Co.* v. *Pillsbury,* 174 Cal. 37, 161 Pac. 982, wherein it was held that, under the California Compensation Act, a defendant who failed to plead or to otherwise raise his defense on the hearing of a similar statute waived its benefits. Under the California statute, however, as disclosed by the opinion in that case, a defendant who desired to defend against a claim before the commission was required to file with it an answer setting forth any facts on which he intended to rely. Our Act contains no such provision.

Section 2938, Revised Codes 1921, provides: "All hearings and investigations before the board, or any member thereof, shall be governed by this Act and by rules of practice and procedure to be adopted by the board, and in the conduct thereof neither the board nor any member thereof shall be bound by the technical rules of evidence. No informality in any proceedings or in the manner of taking testimony shall invalidate any order, decision, award, rule, or regulation made, approved, or confirmed by the board."

Conceding for the purposes of this opinion, but not deciding, that the statutes may be waived other than by estoppel, let us examine the record before us and ascertain whether defendant did waive its right to assert such benefit.

We are not advised by this record whether or not the Industrial Accident Board has adopted any rules of procedure. The board is only a ministerial and administrative body, but, in order to discharge its important functions, has quasi judicial powers. (*Dosen* v. *East Butte Copper Min. Co.,* 78 Mont. 579, 254 Pac. 880.) This court cannot take judicial notice of the existence of the rules of the various district courts. (*Pincus* v. *Pincus' Estate,* 95 Mont. 375, 26 Pac. (2d) 986.) Since this court cannot take judicial notice of the rules of the various district courts, as they are courts of general jurisdiction, it follows logically that it cannot take judicial notice of the rules of procedure, if any, of the Industrial Accident Board, which is an administrative body with only quasi judicial powers. Hence we are unable to say that, in order to oppose any claim of plaintiff, it was incumbent upon defendant to file an answer. In any event, section 2938 contemplates that the Industrial Accident Board is the people's forum where interested parties may present their claims, if they so desire, without the benefit of, or the expense incident to, representation by counsel. The primary function of the board is to ascertain the material facts and to render a decision thereon, disregarding the niceties of ordinary procedure in courts.

It is noteworthy and highly significant that at the hearing counsel for the defendant made the inquiry whether any claim had been filed, and was informed by the chairman of the board that no claim had ever been filed. This information so communicated to counsel for defendant apparently was erroneous; but, in view of the mandatory language of the statute requiring plaintiff to file a claim, certainly it was not incumbent upon counsel for defendant to file an answer or to state a defense orally in the absence of such statutory claim.

The defendant company was advised that a letter had been filed with the board, requesting compensation by the plaintiff. The defendant by letter claimed the benefit of the statute.

Waiver is mainly a matter of intention. It must be manifested in some unequivocal manner, and to operate as such it must in all cases be intentional. (*Northwestern Fire &*

*Marine Ins. Co.* v. *Pollard,* 74 Mont. 142, 238 Pac. 594; Bowers on Waiver, 19.)

The record fails to disclose any evidence from which it can reasonably be inferred that the defendant intended to waive the benefit of the statute with reference to the filing of the claim within the statutory time. (Sec. 2899, supra.) There is, however, some evidence to the contrary. In the absence of such intention, there can be no waiver, and none is here present. Hence plaintiff's contention is without merit.

The board was correct in denying plaintiff's claim on the ground that no claim was filed by plaintiff within six months, as provided by statute. The judgment of the district court reached a correct result.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.