[Civ. No. 11516. Second Appellate District, Division One.—October 22, 1937.]

C. J. PAGONES, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BILLIE HAWKINS, Respondents.

Charles E. Hobart for Petitioner.

Everett A. Corten for Respondent Commission.

YORK, P. J.—Petitioner, the proprietor of the Cafe Bal Tabarin in Los Angeles, seeks by this proceeding to review findings and award made March 29, 1937, by respondent Commission, wherein petitioner was held liable as an employer of respondent Billie Hawkins, a dancer and entertainer, for injuries sustained by her during a dance rehearsal resulting in temporary total disability. Petitioner carried workmen's compensation insurance as to various persons in his employ, but it did not cover ''entertainers''.

It appears that seven and one-half months after the injury was sustained respondent Hawkins filed her application for adjustment of her claim for compensation. Hearing was had before respondent Commission and an award was made in her favor for the sum of $148.20, together with reasonable value of medical expenses. Petitioner, who had theretofore appeared in person, employed counsel to present a petition for rehearing, which was denied.

Petitioner here contends, as he did in his petition for rehearing before the Commission, that the Commission acted

in excess of its powers, in that (1) ''petitioner raised as an oral defense . . . that seven and one-half months had elapsed from the time of the alleged injury to the filing of the petition''; and (2) ''as an oral defense . . . stated that he had been given no notice of the alleged injury of any kind until the service of the application for compensation''; (3) that the award ''was procured by fraud, in that petitioner was a foreign-born American citizen, not familiar with the American laws or customs, and because of his unfamiliarity in a proceeding before the . . . commission, relied upon advice from the office of the . . . commission, that a written answer was not necessary, independent counsel was not necessary; that all he had to do was to appear and tell his story, and the commission would protect his rights; (therefore) it would constitute a fraud upon the petitioner to charge him with technically failing to raise the statute of limitation in writing as an affirmative defense, or that he had received no notice of the injury within thirty days, and particularly to deny a rehearing so that he could have had the benefit of counsel to otherwise raise, if necessary, these defenses, which were clearly his right to have raised for him''.

The certified record of the proceedings had before the Commission does not indicate that the petitioner raised the defense of the statute of limitations, either orally or otherwise. His failure to present such defense prior to the submission of the cause for decision constitutes a waiver thereof. (Sec. 11 [h] of the Workmen's Compensation Act; *Red River Lumber Co.* v. *Pillsbury*, 174 Cal. 37 [161 Pac. 982].) See, also, *U. S. Fidelity etc. Co.* v. *Pillsbury*, 174 Cal. 198 [162 Pac. 638], and *Western Pipe & Steel Co.* v. *Industrial Acc. Com.*, 126 Cal. App. 225 [14 Pac. (2d) 530].)

As to petitioner's contention that he had no notice of the injury until service upon him of the application for compensation, although he testified that he knew nothing of the injury, the injured employee testified that she told him about it the night she was injured; that her leg was bleeding and petitioner asked her what was the reason. She also testified that Givens, the dance instructor, was teaching her and that he knew of her injury; that she quit before the end of the week and that Mr. Senders brought her salary to her and that he told petitioner that respondent Hawkins

could not come back to work because of the injury to her leg.

It therefore follows that in the state of the record here shown, it was within the power of the Commission to conclude that petitioner had actual knowledge of the injury, which knowledge, by section 15 of the act, is made equivalent to notice, or, in the absence of such actual knowledge, that the employer was not in fact misled or prejudiced by the failure to give notice.

■ The contention that the award was procured by fraud finds no support in the record. No showing was made at the hearing as to what petitioner might have been advised by an employee of the Commission, or that he was advised he was not entitled to be represented before the Commission. It is only alleged by petitioner that he was told it was not obligatory upon him to be represented by counsel. Such advice is in accord with section 19 (a) of the act. Certainly, by no act of the injured employee Hawkins was petitioner prevented from presenting his defense.

■ Finally, it is urged that the evidence is insufficient to support the award, for the reason that the respondent Hawkins was not in petitioner's employ at the time of her injury, but was employed by an independent contractor, the dance director hired by petitioner. Respondent Hawkins testified that at the time of her injury she was ''working for Mr. Pagones'', and that she received her pay check from him. Petitioner testified that the dance director made the arrangements for Mrs. Hawkins' salary, and in answer to the question, ''Who did you pay, Mrs. Hawkins or Givens?'' petitioner replied, ''I don't know. If Givens said 'Give Mrs. Hawkins $18 or $20,' I would pay her. . . . Sometimes she drew money, whatever $5, $10, and sometimes Givens collected the money and pay the show.'' Having read the evidence adduced at the hearing, we are of the opinion that there is nothing contained therein which is inconsistent with the existence of the right of authoritative control on the part of petitioner over the entertainers secured through Givens. The burden of proof on questions relating to independent contractors is upon the employer, and whether a person performing services is an employee or an independent contractor ''is a question of law and fact''. Further, ''the finding of the Commission is conclusive unless there is an absolute absence of evidence in

the record so as to render such finding unreasonable''. (*Metropolitan C. Ins. Co.* v. *Industrial Acc. Com.,* 117 Cal. App. 369, 371 [4 Pac. (2d) 190], citing *Hillen* v. *Industrial Acc. Com.,* 199 Cal. 577 [250 Pac. 570] ; sec. 19 [d], Workmen's Compensation Act.)  See, also, *Gale* v. *Industrial Acc. Com.,* 211 Cal. 137 [294 Pac. 391] ; *York Junction T. & S. Co.* v. *Industrial Acc. Com.,* 202 Cal. 517 [261 Pac. 704].

The award is affirmed.

Doran, J., concurred.