No. 12576

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

-----

CLARA S. BAGLEY,

Claimant and Appellant,

-vs-

HOTEL FLORENCE COMPANY, Employer and
HOME INDEMNITY COMPANY,

Defendants and Respondents.

-----

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding

Counsel of Record:

For Appellant:

Tipp and Hoven, Missoula, Montana
Vernon Hoven argued and Douglas G. Skjelset argued,
Missoula, Montana

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana
Sherman V. Lohn appeared and Robert E. Sheridan, Jr.
argued, Missoula, Montana

-----

Submitted: September 11, 1974

Decided: OCT 3 1974

Filed: OCT 3 1974

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order of the district court of the fourth judicial district, in and for the County of Missoula, reversing an order of the Workmen's Compensation Division which had awarded compensation to claimant Clara Bagley from her employer Hotel Florence Company.

On June 27, 1968, Clara Bagley (hereinafter referred to as claimant) fell while working in the basement of the Florence Hotel Motor Inn. Shortly thereafter, claimant went to the office and reported to Dorothy Adamson, a secretary of the Hotel, that she had fallen. As an employee of the hotel, Mrs. Adamson was the person who had the responsibility for filing of workmen's compensation claims. Since the conversations which took place between claimant and Mrs. Adamson are crucial to a proper determination of this matter, and particularly the issue of equitable estoppel, they are set forth in some detail. The transcript of the proceedings before the hearings examiner for the Workmen's Compensation Division shows the following:

> "Q. After you told her you had fallen, did you tell her whether or not you were going to consult with a doctor for any injury you received? A. No.
>
> "Q. Did you in any way indicate to her you had been injured as a result of the fall? A. No, I said I was shook up, but that's all.
>
> "Q. You said nothing to alert her to the fact you were going to require medical attention as a result of this fall at that particular time? A. No.
>
> "* * *
>
> "Q. Did Mrs. Adamson in any way that you can recall attempt to dissuade you or prevent you from filing a claim for compensation? A. No, she thanked me for reporting it * * *."

The testimony of Mrs. Adamson during cross-examination by Mr. Sheridan was in accord:

> "Q. On June 27, 1968, which was the day Mrs. Bagley

- 2 -

fell at the hotel, you had a conversation with her, did you not? A. Yes.

"Q. She advised you she had slipped and fallen in the basement? A. Yes.

"Q. Did you inquire of her at that time as to whether or not she had been injured, or whether or not she was going to seek medical attention? A. I asked her if she was hurt and she said she was not hurt, just shook up.

"Q. Did she advise you whether she was going to seek medical attention at that time? A. I don't think so.

"Q. Were you aware that she sought medical attention at that time? A. No."

Claimant admitted on direct examination that she did not seek medical help at that time.

In February 1969, claimant experienced difficulties with her back. She consulted with Dr. W. E. Swartz of Missoula and was hospitalized from February 11 to February 14, 1969. Even though claimant went to see Dr. Swartz about her back in February 1969, she never advised Mrs. Adamson of this fact. When she was hospitalized by Dr. Swartz she advised Mrs. Adamson she was off work because of hospitalization without relating it in any way to the fall. Claimant continued to work for the Florence Hotel until December, 1970.

Claimant did not talk to Mrs. Adamson about the fall again until May, 1971, when Mrs. Adamson and the hotel were notified that claimant was alleging injury as a result of the fall on June 27, 1968. Claimant filed a claim with the Workmen's Compensation Division on September 27, 1971.

Despite the foregoing testimony, the hearings examiner for the Workmen's Compensation Division made the following finding of fact:

"6. That the claimant did report this incident to Mrs. Dorothy M. Adamson in person on the date of the accident but Mrs. Adamson failed to fill out a form 37, Employer's First Report of Injury

- 3 -

or to inform the claimant that she must file a claim form 54 within a year from that date. This constitutes the type of equitable estoppel contemplated by the cases to breach the defense of failure to file a claim within a year under 92-601."

It was this finding of conduct amounting to an equitable estoppel which was subsequently reversed by the district court. In accordance with the district court reversal, the administrator of the Workmen's Compensation Division issued an order dated July 20, 1973, denying compensation benefits to claimant.

On appeal to the district court, it was stipulated "That the issue is whether the record supports the finding of the Industrial Accident Board of an equitable estoppel, inasmuch as the Claimant did not file the claim for the benefits within one (1) years." We hold, as the district court did, that the record does not support a finding of equitable estoppel and that claimant's claim is barred for failure to file it within one year as required by section 92-601, R.C.M. 1947.

The findings of fact submitted by the hearings officer for the Workmen's Compensation Division determined that the hotel was estopped to assert section 92-601, R.C.M. 1947, as a bar to the claim because of the conduct of Mrs. Adamson. It is of critical importance in this case to note that Mrs. Adamson did not know on the date of the accident, or at any time during the next three years, that claimant was alleging any injury as a result of her fall. On the contrary, claimant advised her that she was not injured and would not be seeking medical attention. In light of these facts it is inconceivable that Mrs. Adamson, as a representative of the employer, should be required to solicit a claim for compensation from the claimant. Ricks v. Teslow Consolidated, 162 Mont. 469, 512 P.2d 1304, 1312, 30 St.Rep. 790.

The leading case in Montana on the issue of equitable estoppel in compensation claims is Lindblom v. Employers' Etc.

- 4 -

Assur. Corp., 88 Mont. 488, 494, 295 P. 1007. In that case
this Court stated:

> "Generally speaking, the following are the es-
> sential elements which must enter into and form
> a part of an equitable estoppel in all of its
> applications: '1. There must be conduct--acts,
> language, or silence--amounting to a representation
> or a concealment of material facts. 2. These facts
> must be known to the party estopped at the time
> of his said conduct, or at least the circumstances
> must be such that knowledge of them is necessarily
> imputed to him. * * *'"

The alleged conduct constituting the estoppel was that
Mrs. Adamson failed to fill out a form 37, Employer's First Re-
port of Injury or to inform the claimant that she must file a
claim form 54 within a year from that date. It must be remembered
that there was no indication given to Mrs. Adamson or the Florence
Hotel that claimant had suffered any injury. The "material fact"
in this case was that claimant, not some hypothetical injured
person, had to file a claim. Although Mrs. Adamson and the Hotel
Company knew, in the abstract, that forms 37 and 54 had to be filed
in the event of an injury, that fact could not become a "material
fact", subject to misrepresentation or concealment, until the Hotel
Company or Mrs. Adamson had notice that claimant had in fact suffered
an injury.

In order to estop the employer from claiming the benefit
of section 92-601, R.C.M. 1947, there must be evidence that the
employer or his agent had done something either to lead the employee
reasonably to believe he need not file a claim or has engaged in
conduct which discouraged or prevented the employee from filing
a claim within the statutory time limit. Levo v. Gen.-Shea-
Morrison, 128 Mont. 570, 280 P.2d 1086; Ricks v. Teslow Consolidated,
supra. In this case the record is devoid of evidence to support
either contention. Claimant admits she was not prevented or dis-
couraged from filing a claim. Similarly, claimant was never mislead

- 5 -

into believing that the matter would be taken care of. The district court properly ruled that the evidence before the Workmen's Compensation Division did not support a finding of equitable estoppel on the basis of Mrs. Adamson's conduct.

Counsel for claimant also attempts to argue that the injuries to claimant were latent in nature and justify the failure to file a written claim for more than three years following the accident. However, this issue was never raised at the hearing before the Workmen's Compensation Division and was not ruled upon by either the Workmen's Compensation Division or the district court. The "latent injury" theory as an exception to the one year time limit for filing of claims is only now brought before this Court following the district court reversal of a finding of equitable estoppel. This Court has stated before in Spencer v. Robertson, 151 Mont. 507, 511, 445 P.2d 48:

> " * * * Upon appeal, this Court will consider
> for review only those questions raised in the
> trial court."

Claimant attempts to argue that the "latent injury" issue was raised at the hearing before the Workmen's Compensation Division when claimant's counsel stated: " * * * Our testimony will go to the invocation of the doctrine of estoppel." Claimant argues "Latent injury is another form of estoppel or equitable estoppel" and " * * * by its very nature, a finding of a latent injury acts as an estoppel against the employer."

Whether or not claimant had any latent injury is entirely irrelevant to a finding of estoppel. An estoppel arises when a party by his acts, conduct, or acquiescence has caused another in good faith to change his position for the worse. Mundt v. Mallon, 106 Mont. 242, 249, 76 P.2d 326. An estoppel has reference to the conduct of the person estopped. Whether claimant had a latent injury has nothing to do with the conduct of Mrs. Adamson or the

- 6 -

Florence Hotel. We note that even had the "latent injury" issue been before the Workmen's Compensation Division or the district court, the exception would not be applicable here. Claimant experienced back problems eight to nine months after her fall and yet she did nothing to report the injury to her employer or to file a written claim. Claimant admitted in her written claim that she was first treated for this injury on February 2, 1969 by Dr. Swartz. Yet it was more than two and one-half years after discovering her back problems that she attempted to associate the back problem and the fall by filing a written claim. Even if the "latent injury" theory was applied here, the written claim still was not filed within one year after the injury was discovered.

Neither did the hearings examiner's finding of fact No. 5 establish any latent injury.

Accordingly, finding no error, the decision of the district court is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices