No. 86-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

————————————————

GEORGE SCHMIDT,

        Claimant and Appellant,

   -vs-

PROCTOR & GAMBLE, Employer,

    and

HOME INSURANCE COMPANY,

        Defendant and Respondent.

————————————————

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thueson Law Office; Erik B. Thueson, Great Falls,
Montana

    For Respondent:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra,
Great Falls, Montana

————————————————

Submitted on Briefs: March 5, 1987

Decided:  June 3, 1987

Filed:    JUN 3 - 1987

_____
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Claimant appeals an order of the Workers' Compensation Court denying him benefits because he did not file his claim within one year as required by § 39-71-601, MCA. We affirm.

Claimant George Schmidt was hired by Proctor and Gamble in March 1984, as a part-time merchandiser to service stores in western Montana which carry its products. He assisted salesmen in specific markets by building displays, resetting shelving in stores, checking prices and putting up sale material. Schmidt had held a number of jobs before this one, including assistant operator for Montana Power Company, salesman for Sears, sales and light delivery for Modern Equipment Company and Eklund Television and Appliance. Since May 1981 he was in the insurance business, except for the period of approximately eight months between March 1984 and December 1985, when he worked for Proctor and Gamble.

Schmidt claims he injured his back July 16, 1984, while restocking shelves in the Inland Market in Kalispell, Montana. One leg of the display case fell toward him and he had to catch it abruptly. The falling boxes did not knock him over, but in holding up the shelf he experienced a sudden pain in his lower back. There were several unnamed witnesses to this incident who were in the general area of the store at the time. Schmidt listed one Shirley Diaz as a witness in the pretrial order but she was not called to testify at trial. Schmidt made no report of the incident to his employer, although he told his wife, who was in the store at the time it happened.

A year later the Schmidts traveled from Great Falls by automobile to visit their children in Utah. Two days before leaving, Schmidt had helped his son change a tire. In Pocatello, Idaho, he experienced such severe pain in his

lower back his wife drove him to the Pocatello Regional Medical Center emergency room. He told the emergency room staff he pulled his back while changing a tire. He did not mention the accident the previous July, nor did he tell the doctor of any previous back problems. He was put in traction and given medication for several days.

After he returned to Great Falls, Schmidt was seen by Dr. Alexander Johnson, a neurosurgeon. Schmidt did not inform Dr. Johnson of the incident at Inland Market. Schmidt also was examined by Dr. Thomas Power, an orthopedic surgeon. Apparently Dr. Power was not informed of the tire changing incident. Schmidt, however, had told Power he had experienced back problems for more than twenty years which developed into pain in his left buttock and leg in early July 1985.

Prior to undergoing surgery in August 1985, Schmidt notified Drs. Johnson and Power he had applied for veterans' pension benefits, workers' compensation benefits and Medicaid. The claim for workers' compensation benefits filed August 18, 1985, more than one year after the incident in Kalispell, was denied. Schmidt then petitioned for an emergency hearing and a trial was held. Schmidt appeals the resulting judgment denying him benefits.

We are asked to decide whether the Workers' Compensation Court abused its discretion in denial of benefits to Schmidt because he failed to file notice of the accident claimed to have caused the injury.

> Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation

3

> Court, this Court cannot overturn the
> decision. [Citations omitted.]

Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 423, 584 P.2d 1298, 1300. After carefully reviewing the record, we defer to the findings of the Workers' Compensation Court.

Schmidt testified he was injured July 16, 1984. The only named witness to the accident was not called to testify. Schmidt testified he notified his supervisor, Bruce Hammerman, of the incident the next day by telephone. Hammerman denied any call took place, and testified, with documentation, he was in Los Angeles the day the call supposedly was made. Schmidt produced no records from the telephone company showing the call was made.

At the end of each week, Schmidt was required to fill out in triplicate "Part-Time Merchandiser Expense Reports," showing date worked, cities and stores traveled to, monetary allowance, etc. One copy was sent to the home office, one to Hammerman, and Schmidt kept a copy. The home office copy and Schmidt's copy were offered into evidence. Schmidt's copy had the words "hurt back Inland Market" penciled on it; however the home office copy did not. Hammerman testified his copy did not have those words on it.

The Workers' Compensation Court did not find that either of these incidents constituted notice to the employer pursuant to § 39-71-601 or § 39-71-603, MCA, nor do we.

Section 39-71-601, MCA, states:

> Statute of limitation on presentment of a claim -- waiver. (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.

4

(2)  The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

Our case law on the exceptions noted in subsection (2) involve waiver, estoppel and laches on the part of the parties.  We find here that there is no waiver, estoppel or laches on the part of the employer; rather the employee failed to convince the Workers' Compensation Court that he gave his employer proper notice.  In Devlin v. Galusha, Higgins & Galusha (1982), 202 Mont. 134, 655 P.2d 979, we held that there is no duty of an employer to solicit a claim where an employee who injured herself informed the supervisor that she did not wish to file a compensation claim, but subsequently did.  In that case the Workers' Compensation Court found that the claim was barred by the twelve month statute of limitations, thus, there were no grounds upon which to hold that the employer and insurer could be estopped from raising the statute of limitations.  As to the equitable estoppel theory see Bagely v. Hotel Florence Co. (1974), 165 Mont. 145, 526 P.2d 1372; and Ricks v. Teslow Consolidated (1973) 162 Mont. 469, 512 P.2d 1304.

We held where the claimant for compensation did not file his claim within the time required by § 39-71-601, MCA, the defendant employer was not required to file an answer or state a defense orally before the Industrial Accident Board (now the Division of Workers' Compensation).  Claimant's assertion that because of such failure the employer waived its rights to make a defense was without merit.  Williams v. Anaconda Copper Co. (1934), 96 Mont. 204, 29 P.2d 649.

We have long held the notice requirement of § 39-71-603, MCA, "is mandatory and compliance with its requirements is indispensable to maintain a claim for compensation."  Maki v. Anaconda Copper Mining Co. (1930), 87

5

Mont. 314, 323, 287 P. 170, 173; Hunt v. Sherwin Williams (Mont. 1981), 624 P.2d 489, 492, 38 St.Rep. 358, 361.

Schmidt argues Proctor and Gamble waived this statutory limitation by representations giving rise to equitable estoppel. Lindblom v. Employers Liability Assurance Co. (1930), 88 Mont. 488, 494, 295 P. 1007, 1009. We set out the elements of equitable estoppel in Lindblom:

> 1. There must be conduct--acts, language, or silence--amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. * * * 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it.

88 Mont. at 494-495, 295 P. at 1009.

Questions of estoppel can arise in various ways through actions of the employer. The employee can be lulled into inaction. Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 916, 42 St.Rep. 388, 395, citing McKaskle v. Industrial Com'n of Arizona (Ariz. 1982), 659 P.2d 1313, 1316. The employer can take positive action which either

prevents a claimant from filing a timely claim or leads him reasonably to believe he does not need to file a claim [citing cases]. Wassberg, supra at 916, 42 St.Rep. at 396, citing Davis v. Jones (Mont. 1983), 661 P.2d 859, 860, 40 St.Rep. 570, 571-572.

There is no support for Schmidt's claim. The record does not show Proctor and Gamble discouraged or in anyway influenced Schmidt from filing a claim. An employer has no affirmative duty to inform the claimant of the right to file a claim. The duty to act is on the employee. Wassberg, supra at 916, 42 St.Rep. at 396. We do not find that the first element of equitable estoppel, set out in Lindbolm, supra, is met. Nor is Schmidt's contention he notified Hammerman by way of a phone call and on the Merchandizer Expense Report supported by the record.

Schmidt claims even if the Workers' Compensation Court did not accept his statement of facts, his claim for compensation nevertheless was timely filed because his injury was a latent injury and the statute of limitations is not relevant. Section 39-71-601(2), MCA, says, "The division may, upon reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months."

The record does not show that Schmidt was without symptoms of the claimed accident in July 1984. We have said "that the time period for notice of claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness, and probable compensable character of his latent injury." Bowerman v. Employment Security Commission (Mont. 1983), 673 P.2d 476, 479, 40 St.Rep. 2062, 2065. There is no evidence Schmidt was unaware of his disability. He testified he felt a sharp pain in his back at the time of the July 14, 1984 incident and continued to have back problems through July 1985. He testified he purchased a

back brace in August 1984 to help him sleep. He testified he had leg pains in October and November 1984. Yet he did not seek any medical attention during this time, as would a reasonable man under such circumstances. There is no credible evidence Schmidt lacked knowledge of the nature, seriousness, and probable compensable character of a latent injury.

We find the medical testimony offered to show gradual development of a herniated disc is not relevant to corroborate the existence of an industrial accident. It goes only to show the medical condition of Schmidt's back. The issue of a compensable injury is not before this Court, because clearly Schmidt did not notify his employer of an accident within the statutory time.

The order of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices